UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA )
                          )
          v.              )    Criminal No.  98-10218-JLT
                          )
CHRISTOPHER SERRA         )
                          )
          Defendant       )

**ORDER**

**TAURO, D.J.:**

In light of the evidence and argument presented at the February 14, 2008, Revocation Hearing, the Court finds and rules as follows:

(1)  The Probation Office presented, and the Court considered, three petitions with respect to defendant Christopher Serra ("Serra"), one alleging Grade A and C violations of supervised release, and the other two alleging Grade C violations.  A fourth petition, initially submitted by Probation, was withdrawn at the request of Probation and the government.

(2)  After hearing evidence and argument, the Court ruled that the Grade A violation alleged in the first petition, oxycontin trafficking, had been not proven by a preponderance of the evidence, and therefore denied the first petition to that extent.

(3)  As to the Grade C violation alleged in the first petition, that on or about September 1, 2007, Serra drove his automobile in New Bedford, Massachusetts, at a time when he knew that his Massachusetts driver's license had been suspended, the

Court found that this violation of the condition of supervised release requiring that Serra not commit any federal, state, or local crime, had been proven and admitted by Serra.

(4) As to the Grade C violations alleged in the second petition, that at various times Serra failed to notify the Probation Officer within 72 hours after being arrested or questioned by a law enforcement officer, the Court found that Serra had failed to notify Probation within 72 hours of his being stopped and cited by a State Trooper in New Bedford on September 1, 2007, for driving on a suspended license, and that he had failed to notify Probation of his being questioned by New Bedford police on April 29, 2007, in connection with an incident relating to Heather Wach. As to the allegation that Serra failed to notify Probation of the police search of his house on December 11, 2007, the Court found that Serra had attempted to telephone Probation soon after the search, and therefore did not find this additional violation proven by a preponderance of the evidence.

(5) As to the third petition, alleging that Serra violated the instructions of the Probation Officer to have no further contact with Heather Wach, the Court found, and Serra did not contest, that Serra had continued to have contact with Wach despite Probation's instructions. However, the Court declined to order Serra to cease contact with Wach. Instead, the Court cautioned Serra that he must know that such contact is not in his

best interests, and Serra acknowledged through counsel that he understands that this is so.

(6) Having found that certain of the Grade C violations had been proven and/or admitted by Serra, but that the Grade A violation and one of the Grade C violations had not been proven, the Court did not revoke Serra's supervised release.  The Court viewed Serra's detention between February 5, 2008 and the revocation hearing on February 14, 2008, as an appropriate sanction for his Grade C violations.  Without imposing additional sanctions, the Court therefore ordered Serra released on February 14, 2008, admonishing him to comply with the previously imposed conditions of supervised release for the remainder of his previously imposed term.

SO ORDERED THIS  3  DAY OF MARCH, 2008.

JOSEPH L. TAURO
U.S. DISTRICT JUDGE

-3-